UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTEVAN R. LUCERO, et al.;<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SAN DIEGO, et al.,<br><br>Defendants. | Case No.: 22-CV-1045-RSH-NLS<br><br>**ORDER GRANTING DEFENDANT JUDGE POLLY SHAMOON'S MOTION TO DISMISS**<br><br>**[ECF No. 11]** |

This Order addresses Defendant Judge Polly Shamoon's motion to dismiss Plaintiff's Complaint (the "Motion"). ECF No. 11. Plaintiff, a former attorney proceeding *pro se* in this matter, did not file an opposition. As explained below, the Court grants the Motion.

## I. BACKGROUND

Plaintiff alleges in his Amended Complaint that he began practicing law in 2014. ECF No. 5 ¶ 33. On October 22, 2018, Plaintiff was arrested after driving to his ex-spouse's home and damaging her property. *Id*. ¶ 45. In March 2019, Plaintiff was charged with ten felony counts and pled guilty to one count of felony stalking of his ex-wife. *Id*. ¶¶ 46, 69. Judge Shamoon presided over Plaintiff's criminal proceedings and remanded him into

custody in July 2019. *Id*. ¶¶ 61, 65. Plaintiff was released in January 2020. *Id*. ¶ 84. Plaintiff was disbarred after a State Bar trial on April 27, 2022. *Id*. ¶¶ 78, 94.

The Complaint alleges that the City of San Diego, San Diego County, the State Bar of California, two rehabilitation facilities, and various subdivisions, agencies, officers, and employees, as well as judicial officers including Judge Shamoon, conspired to dismantle Plaintiff's law practice, frame him for various felonies, cause him to lose his law license, and interfere with his personal and professional relationships. Plaintiff alleges that Defendants launched this scheme in retaliation for his work on civil rights and criminal defense matters. *Id*. ¶ 34.

With regard to Judge Shamoon, Plaintiff claims that she pressured Plaintiff's defense attorney to resign, *id*. ¶ 50, unlawfully required Plaintiff to execute a preliminary hearing waiver, *id*. ¶ 53, ordered him to cease practicing law without proper jurisdiction, *id*. ¶ 60, improperly struck a probation report, *id*. ¶ 56, took a pending restitution hearing off calendar to conceal testimony, *id*. ¶ 73, forced Plaintiff to agree to a probation violation, *id*. ¶ 83, and kept him in custody to ensure his noncompliance with State Bar rules, *id*. ¶ 84. Plaintiff also alleges that Judge Shamoon used her judicial office to interfere with his State Bar disciplinary proceedings and ensure his disbarment. *Id*. ¶¶ 62-66, 68, 72, 76, 82.

Plaintiff filed his initial complaint on July 18, 2022, ECF No. 1, and his Amended Complaint on July 27, 2022, ECF No. 5. He brings two claims pursuant to 42 U.S.C. §§ 1983 and 1985. ECF No. 5 ¶¶ 106-114. Plaintiff seeks money damages. *Id*. ¶¶ 108, 114.

Judge Shamoon filed the Motion on September 26, 2022, seeking dismissal on the basis of (1) judicial immunity, (2) the Eleventh Amendment, (3) *Heck v. Humphrey*, (4) the *Rooker-Feldman* doctrine, (5) *Younger* abstention, and (6) the Complaint's failure to otherwise state a claim. ECF No. 11. After missing the deadline to file an opposition brief, Plaintiff filed an *ex parte* motion seeking, *inter alia*, an extension of time to respond to the Motion to November 10, 2022. ECF No. 12. The Court granted Plaintiff's request. ECF No. 13 at 3. Plaintiff never filed an opposition.

//

## II. DISCUSSION

Plaintiff's claims against Judge Shamoon are barred by judicial immunity. "[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978). This immunity is overcome in only two sets of circumstances. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* at 11-12 (internal citations omitted). "[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Stump*, 435 U.S. at 360. A complete absence of all jurisdiction means a clear lack of subject matter jurisdiction. *Miller v. Davis*, 521 F.3d 1142, 1147 (9th Cir. 2008). The conduct attributed specifically to Judge Shamoon in the Complaint stems from her judicial acts, with no indication that she was acting in the complete absence of jurisdiction.

Plaintiff's claims against Judge Shamoon are also barred by the Eleventh Amendment. *Simmons v. Sacramento Cnty. Super. Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003) ("Plaintiff cannot state a claim against the Sacramento County Superior Court (or its employees), because such suits are barred by the Eleventh Amendment."); *Greater L.A. Council on Deafness, Inc. v. Zolin,* 812 F.2d 1103, 1110 (9th Cir.1987) (holding that state courts are arms of the state for Eleventh Amendment purposes).[1]

---

[1] Plaintiff also fails to allege particular facts supporting his conclusory allegations of a conspiracy. *See Travaglia v. Johnston*, 42 F.3d 1402 (9th Cir. 1994) ("[I]n order to survive a motion to dismiss an action for failure to state a claim pursuant to Rule 12(b)(6), a plaintiff alleging a conspiracy must allege specific facts to support the existence of the alleged conspiracy."); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (affirming

1  Finally, Plaintiff's failure to oppose the Motion operates as consent to the relief requested. If a party fails to file opposition papers, "that failure may constitute a consent to the granting of a motion or other request for ruling by the Court." CivLR 7.1.f.3.c. *See also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming grant of an unopposed motion to dismiss under local rule by deeming a *pro se* litigant's failure to oppose as consent to grant the motion). Plaintiff missed both the original deadline and his requested extended deadline to file an opposition.

Judge Shamoon's Motion argues that dismissal should be with prejudice, because Plaintiff cannot cure the defects in his Amended Complaint. Given the grounds for dismissal herein, the Court agrees that amendment would be futile, and leave to amend is denied. *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010).

### III.  CONCLUSION

Accordingly, the Motion is **GRANTED**. Plaintiff's claims as to Defendant Judge Shamoon are **DISMISSED** with prejudice.

**IT IS SO ORDERED**.

Dated:  November 18, 2022

_____
Hon. Robert S. Huie
United States District Judge

---

dismissal of Section 1983 and 1985 claims because plaintiff's conclusory allegations of conspiracy were not supported by material facts).